**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RAFAEL GUTIERREZ et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 3:10-cv-00054-RCJ-VPC |
| vs. | ) | |
| | ) | |
| PINNACLE FINANCIAL CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing fourteen causes of action. The case is part of Case No. 2:09-md-02119-JAT in the District of Arizona, and Judge Teilborg has remanded those parts of the first, third, fourth, and tenth though twelfth claims that do not involve MERS. The wrongful foreclosure claim remains with Judge Teilborg. A motion to dismiss (ECF No. 35) is pending before the Court. For the reasons given herein, the Court grants the motion.

**I.    THE PROPERTY**

Rafael and Ana Gutierrez gave lender Pinnacle Financial Corp. ("Pinnacle") a $283,900 promissory note to purchase property at 1606 Keystone Ave., Reno, NV 89503 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, Mar. 8, 2007, ECF No. 36, at 12). The trustee was Ticor Title of Nevada, Inc. ("Ticor Title"). (*See id.* 1) Plaintiffs had defaulted in an unspecified amount as of July 1, 2008. (*See* Notice of Default ("NOD") 1, Jan. 22, 2009, ECF No. 36, at 33). First

American Title filed the NOD as agent for Recontrust Co., N.A. (*See id.* 2). Recontrust noticed a sale for May 15, 2009. (Notice of Trustee's Sale ("NOS") 1–2, Apr. 24, 2009, ECF No. 36, at 36). The Property was sold. (*See* Trustee's Deed, Dec. 23, 2009, ECF No. 36, at 39). There is no indication in the record of Recontrust's substitution as trustee. Although the wrongful foreclosure claim remains before Judge Teilborg, there may have been a statutorily defective foreclosure under section 107.080(2)(c).

## II.  ANALYSIS

The remanded claims are those parts of the following claims that do not involve MERS: (1) Unfair Lending Practices Under Nevada Revised Statutes ("NRS") section 598D.100; (3) Injunctive Relief; (4) Declaratory Relief (violation of section 598D.100(3)); (10) Civil Conspiracy; (11) Racketeering Under NRS section 207.470; and (12) Unjust Enrichment.

First, Plaintiffs obtained the loan on March 8, 2007. The statute of limitations under section 598D.100 is three years, *see* Nev. Rev. Stat. § 11.190(3)(a), and Plaintiffs brought the present case on January 4, 2010. The claim is therefore not time-barred. Section 598D.100 was amended in 2007, with an effective date of June 13, 2007. *See* 2007 Nev. Stat. 2844–46. Therefore, the prior version of the statute applies. The statute does not apply to mortgages that qualify as "residential mortgage transactions" under HOEPA, where a security interest is retained against the property to finance its acquisition or construction. *See* Nev. Rev. Stat, § 598D.040 (2005); 15 U.S.C. § 1602(aa)(l), (w). The statute therefore does not apply to the mortgage in this case. Also, the prior version of the statute only prohibited a lender from making "a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets . . . ." Nev. Rev. Stat. § 598D.100 (2006). Plaintiffs must "alleg[e] specific facts showing how Defendants failed to adhere to this statutory requirement . . . ." *Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 1254, 1259–60 (D. Nev. 2009) (Hunt, C.J.) (dismissing a claim

1  under the current version of the statute).  Plaintiffs have not alleged facts indicating a violation

2  of the statute.  Plaintiffs allege that the loan was based on "stated income" with no verification of

3  that income. (*See* Compl. ¶ 53, Jan. 4, 2010, ECF No. 1-1, at 5).  Plaintiffs fail to allege whether

4  they in fact incorrectly stated their income on the loan application documents, which might

5  constitute mortgage fraud, and which would obviate the present claim.  Moreover, the statute

6  does not require any particular verification method, but only a determination of the ability of the

7  borrower to repay from assets other than an estimated future increase in equity.  Plaintiffs appear

8  to admit that the lender gave them the loan based on the income they reported to the lender.  This

9  is sufficient under the statute.  "The lender should have known I was lying about my income" is

10 not a particularly convincing argument, at least not under the prior version of the statute.  Under

11 the current version of the statute, which requires a "commercially reasonable means" of

12 determining the ability to repay, an argument could be made that a lender who does not verify

13 stated income beyond the signature of the borrower has not fulfilled its duties under the statute,

14 but the prior version of the statute applies in this case.  The Court will dismiss this claim.

15      Second, the civil conspiracy claim fails because Plaintiffs do not allege any agreement to

16 engage in unlawful activity.  They simply conclude that a conspiracy existed between banks,

17 trustees, and others because these agencies were all in some way involved with foreclosures

18 generally.  The Court will dismiss this claim.

19      Third, under Nevada's RICO statute, a private party can bring a civil action for treble

20 damages, attorney's fees, and costs for injures sustained by a violation of NRS section 207.400.

21 *See* Nev. Rev. Stat. § 207.470.  Plaintiff alleges Defendants engaged in racketeering.  Plaintiffs,

22 however, nowhere identify which unlawful act under section 207.400 they believe Defendants to

23 have committed.  Plaintiffs simply quote the definition of "racketeering" under section 207.390

24 and allege that Defendants engaged in racketeering through predatory lending practices.

25 Plaintiffs have not identified two predicate offenses required to constitute "racketeering."  *See*

1  § 207.390.  Such crimes include murder, manslaughter, mayhem, certain batteries, kidnapping,

2  sexual assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery,

3  assault with a deadly weapon, certain frauds, etc. *See* § 207.360.  Insofar as the predicate acts are

4  intended to be frauds based on the MERS system, the claim remains with Judge Teilborg.  The

5  Court will dismiss this claim.

6  Fourth, the unjust enrichment claim will be dismissed because it is undisputed that the

7  relationship between the parties is governed by an express, written contract. *LeasePartners*

8  *Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

9  Finally, the claims for injunctive and declaratory relief will be dismissed insofar as they

10  rely on any of the remanded claims.

## CONCLUSION

12  IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 35) is GRANTED.

13  Because the claims remain with Judge Teilborg, the Court makes no ruling on the wrongful

14  foreclosure claim or the injunctive and declaratory relief claims insofar as those claims relate to

15  the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper

16  foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983)

17  (foreclosure absent default).

18  IT IS SO ORDERED.

19  Dated:  This 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge